STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF STEARNS                          SEVENTH JUDICIAL DISTRICT

---

|                                          | Case Type: Employment |
|------------------------------------------|-----------------------|

Christopher Faulkner, Sr.,                 Court File No.:_____

       Plaintiff,

   v.                                  **SUMMONS**

Farmers Union Industries, LLC
d/b/a Northland Choice,

       Defendant.

---

THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANT(S):

1.      **YOU ARE BEING SUED.**  The Plaintiff has started a lawsuit against you.  The Plaintiff's Complaint against you is attached to this Summons.  Do not throw these papers away.  They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2.      **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.**  You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons.  You must send a copy of your Answer to the person who signed this Summons located at Ahlberg Law, PLLC, 333 Washington Avenue North, Suite 300, Minneapolis, Minnesota, 55401.

3.      **YOU MUST RESPOND TO EACH CLAIM.**  The Answer is your written response to the Plaintiff's Complaint.  In your Answer you must state whether you agree or disagree with each paragraph of the Complaint.  If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.      **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.**  If you do not Answer within 21 days, you will lose this case.  You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint.  If you do not want to contest the claims

1

**EXHIBIT A**

stated in the Complaint, you do not need to respond.  A Default Judgment can then be entered against you for the relief requested in the Complaint.

5.      **LEGAL ASSISTANCE.**  You may wish to get legal help from a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.      **ALTERNATIVE DISPUTE RESOLUTION.**   The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 19, 2020                            AHLBERG LAW, PLLC


                                                */s/ Ryan H. Ahlberg*
                                                Ryan H. Ahlberg, Esq. (#386520)
                                                Union Plaza Building, Suite 300
                                                333 Washington Avenue North
                                                Minneapolis, Minnesota  55401
                                                (612) 900-2269
                                                rahlberg@ahlberglaw.com
                                                Attorney for Plaintiff


## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.


Dated: June 19, 2020                            */s/ Ryan H. Ahlberg*
                                                Ryan H. Ahlberg, Esq. (#386520)


2

**EXHIBIT A**

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF STEARNS                            SEVENTH JUDICIAL DISTRICT

---

|                                        | Case Type: Employment |
| Christopher Faulkner, Sr.,              | Court File No.:_____ |
|                                        |                       |
| Plaintiff,                             |                       |
|                                        |                       |
| v.                                     | **COMPLAINT**         |
|                                        |                       |
| Farmers Union Industries, LLC          |                       |
| d/b/a Northland Choice,                |                       |
|                                        |                       |
| Defendant.                             |                       |

---

Plaintiff Christopher Faulkner, Sr., as and for his Complaint against Defendant

Farmers Union Industries, LLC, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.   Plaintiff Christopher Faulkner, Sr. (hereinafter "Faulkner") is an individual

residing in Stearns County, Minnesota.

2.   Defendant Farmers Union Industries, LLC (hereinafter "Farmers"), doing

business as Northland Choice, is a Minnesota limited liability company and

maintains a registered office located at 220 Ponderosa Road, Redwood Falls,

Minnesota 56283.

3.   Jurisdiction in part is proper pursuant to 29 U.S.C. § 2617(a)(2).

4.   Venue is proper pursuant to Minn. Stat. § 542.09 as the allegations that form the

basis of this Complaint occurred in Stearns County, Minnesota, and Faulkner

1

**EXHIBIT A**

worked at that location.

## FACTUAL ALLEGATIONS

5.    Faulkner previously worked at Farmers from in or around September 2011 to September 2015, before temporarily relocating to Arizona.

6.    Faulkner returned to Minnesota and began working for Farmers again as a second shift production worker in or around August 2016.

7.    Faulkner earned $20.97 per hour, worked forty hours per week and averaged approximately sixteen hours of overtime per pay period.

8.    Faulkner worked 1250 hours on a rolling 12 month period, and Farmers employed at least 50 people within a 75 mile radius of Faulkners' workplace. Therefore, Faulkner is entitled to benefits under the Family Medical Leave Act (hereinafter, "FMLA").

9.    On or around September 25, 2017, Faulkner became the guardian and sole care provider for his son, who became wheelchair bound and suffered a traumatic brain injury after being struck by a drunk driver. Faulkner's son is also epileptic. On an ongoing basis, Faulkner helps care for his son's basic medical, hygienic, and nutritional needs. Faulkner's son lives with Faulkner and his wife and is twenty-six years old.

10.   In or around January 2020, Faulkner filed for leave under the FMLA to care for his son while on a cruise vacation.

2

EXHIBIT A

11. The leave was necessary because Faulkner did not have enough paid time off (hereinafter, "PTO"), after Farmers changed its PTO policy.

12. In previous years, Faulkner was given seventeen days of PTO at the beginning of each year. However, at the end of 2019, Farmers announced that PTO would be earned at a rate of 2.38 hours for every two weeks worked.

13. Faulkner's vacation, during which he was providing care for his son, was scheduled for February 28, 2020 to March 7, 2020.

14. Approximately one week before Faulkner was scheduled to leave, the head of human resources, Bonnie Ahlbrecht (hereinafter, "Ahlbrecht"), asked Faulkner for more documentation about providing care for his son on the trip.

15. There was confusion for whom Faulkner was taking FMLA due to a form being incorrectly filled-out and Faulkner having taken one day in 2019 to provide care for his wife.

16. Faulkner had several conversations with his supervisor, Dwight Swanson (hereinafter, "Swanson") and the secretary, Kim Weirens (hereinafter, "Weirens"), about providing care for his son on this trip. Furthermore, Faulkner's trip with his son occurred annually.

17. Faulkner was planning to use PTO to cover Friday, February 28, 2020, Thursday, March 5, 2020, and Friday March 6, 2020; additionally, Faulkner was going to use FMLA to cover Monday, March 2, 20202, Tuesday March 3, 2020, and

3

Wednesday, March 4, 2020.

18.  Faulkner provided Ahlbrecht with the documentation she required and had a follow up conversation about the FMLA being used to care for his son on or around Tuesday, February 25, 2020.

19.  When Faulkner was informed that he did not have enough PTO to cover Thursday, March 5, 2020, he said that he would take the attendance point for the day. Ultimately, Faulkner called in that day and requested an extension to his FMLA.

20.  Faulkner returned to work on or around Monday, March 9, 2020, and worked for approximately three and half weeks.

21.  Faulkner did not feel well on or around Friday, March 27, 2020.

22.  On Sunday, March 29, 2020, Faulkner went to the clinic, and was initially diagnosed with pneumonia.

23.  On Monday, March 30, 2020, and Tuesday, March 31, 2020, Faulkner stayed home from work due to his illness. Faulkner followed all normal routines and rituals for calling in absences when he provided Swanson with the note from his doctor.

24.  Ultimately, Faulkner was diagnosed with COVID-19 in or around the beginning of April, 2020.

25.  Faulkner's symptoms and illness from COVID-19 was severe and caused him to

4

**EXHIBIT A**

be in the hospital from April 1, 2020 through April 5, 2020. Faulkner was extremely fatigued, had no appetite and he lost weight. The disease substantially limited Faulkner's major life activities.

26.   Faulkner was a qualified disabled person under the Minnesota Human Rights Act (hereinafter, "MHRA") and was qualified to do his job without reasonable accommodation.

27.   Farmers required Faulkner to file FMLA on or around April 2, 2020 to cover his absences. Faulkner was scheduled to return to work on or around April 16, 2020.

28.   Faulkner was notified of his termination on or around April 7, 2020. Farmers accused Faulkner of abusing FMLA protected leave to take a cruise when he said it was to take care of his son.

29.   Farmers continued employment of Faulkner after his return from his cruise creates a reasonable inference that the reasons given for Faulkners' termination were pretext for termination due to Faulkners' COVID-19 diagnosis and his request to be absent from work due to the disease and treatment for the symptoms.

30.   Faulkner had always been the "go-to" guy at Farmers when it came to needing overtime shifts taken.

31.   Faulkner had only one disciplinary action taken against him when he received a verbal warning in 2019, after he earned his third attendance point on a seven

**EXHIBIT A**

point scale. Accumulating seven points resulted in termination.

32. As a direct and proximate result of Farmers' conduct, Faulkner has suffered from depression, loss of appetite and anxiety. Faulkner just purchased a new home, and on top of worrying about being able to provide care for his high-needs son, Faulkner now has to worry about being able to cover his financial obligations.

33. As a direct and proximate result of Farmers' conduct, Faulkner has suffered damages, including but not limited to, economic damages, other compensatory damages, damages for mental anguish and suffering, liquidated damages, other statutory and punitive damages, costs of suit, and attorney's fees.

## CAUSE OF ACTION I
### FMLA Entitlement (29 U.S.C. § 2615(a)(1))

34. Paragraphs 1 through 33 are incorporated herein by reference.

35. An FMLA entitlement claim "occur[s] where an employer refuses to authorize leave under the FMLA or takes other action to avoid responsibilities under the Act." *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005 (8th Cir. 2012).

36. Faulkner engaged in statutorily-protected conduct and exercised rights to which he was entitled under the FMLA when he informed Farmers that he was taking leave to care for his son, as well as later on to deal with his own serious health issue, being diagnosed with COVID-19.

37. The FMLA allows for a parent to provide care for a child, it does not stipulate

6

where that care has to be provided. Faulkner was "caring for" his son while on the cruise, in the same manner he "cares for" his son at home.

38. Farmers' actions, as described herein, denied Faulkner FMLA benefits to which he was entitled.

39. As a direct and/or proximate result of Farmers' conduct, Faulkner has suffered damages in excess of $50,000 to be proved with further specificity at trial, and additionally seeks civil penalties and injunctive relief as allowed by statute.

**CAUSE OF ACTION II**
**FMLA Discrimination (29 U.S.C. § 2615(a)(2))**

40. Paragraphs 1 through 39 are incorporated herein by reference.

41. An FMLA discrimination claim arises when an employer takes adverse action against an employee because the employee exercises rights to which he is entitled under the FMLA. *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1006 (8th Cir. 2012).

42. Faulkner engaged in statutorily-protected conduct and exercised rights to which he was entitled under the FMLA when he informed Farmers that he was taking leave to care for his son, as well as later on to deal with his own serious health issue, being diagnosed with COVID-19.

43. Farmers' terminated Faulkner, an adverse employment action.

44. There is a causal connection between Faulker's statutorily-protected conduct (either the first leave or the second leave) and Farmers' adverse employment

EXHIBIT A

action.

45. As a direct and/or proximate result of Farmers' conduct, Faulkner has suffered damages in excess of $50,000 to be proved with further specificity at trial, and additionally seeks civil penalties and injunctive relief as allowed by statute.

### CAUSE OF ACTION III
### Unfair Employment Practice - Discriminatory Discharge
### (Minn. Stat. § 363A.08 Subd. 2)

46. Paragraphs 1 through 45 are incorporated herein by reference.

47. Faulkner, as more fully described herein, is a member of protected class on the basis of disability and was qualified to do his job with or without reasonable accommodation.

48. Farmers took adverse employment action by terminating Faulkner when he sought to remain away from work due to his COVID-19 diagnosis.

49. Faulkner was replaced, or his work was reassigned, to a non-member of the protected class.

50. As a direct and/or proximate result of Farmers' conduct, Faulkner has suffered damages in excess of $50,000 to be proved with further specificity at trial.

### CAUSE OF ACTION IV
### Unfair Employment Practice - Reprisal
### (Minn. Stat. § 363A.15)

51. Paragraphs 1 through 50 are incorporated herein by reference.

52. Faulkner is a member of a protected class on the basis of disability and was

EXHIBIT A

qualified to do his job with or without reasonable accommodation.

53.     Faulkner, as more fully described herein, engaged in statutorily-protected conduct, when he sought to remain away from work due to his COVID-19 diagnosis.

54.     Farmers, whose actions are more fully described herein, took adverse employment action by terminating Falkner.

55.     Faulkner's statutorily-protected conduct and Farmers' adverse employment actions were causally related.

56.     As a direct and/or proximate result of Farmers' conduct, Faulkner has suffered damages in excess of $50,000 to be proved with further specificity at trial.

**WHEREFORE**, Faulkner requests a **JURY TRIAL** on his claims and judgment against Farmers as follows:

1.     As to Cause of Action I, for judgment in favor of Faulkner in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order granting any other appropriate legal or equitable relief pursuant to statute;

2.     As to Cause of Action II, for judgment in favor of Faulkner in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order granting any other appropriate legal or equitable relief pursuant to statute;

3.     As to Cause of Action III, for judgment in favor of Faulkner in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order

EXHIBIT A

directing Farmers to cease and desist from unfair employment practices, to pay civil penalties, and any other appropriate legal or equitable relief pursuant to *Minn. Stat. § 363A.29 Subds. 3 through 6.* Faulkner intends to move to amend his Complaint to assert a claim for punitive damages;

4.     As to Cause of Action IV, for judgment in favor of Faulkner in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order directing Farmers to cease and desist from unfair employment practices, to pay civil penalties, and any other appropriate legal or equitable relief pursuant to *Minn. Stat. § 363A.29 Subds. 3 through 6.* Faulkner intends to move to amend his Complaint to assert a claim for punitive damages;

5.     For Faulkner's costs, disbursements and attorney's fees incurred herein;

6.     For such other and further relief as the Court deems just and equitable.


Dated: June 19, 2020                     AHLBERG LAW, PLLC

                                */s/ Ryan H. Ahlberg*
                                Ryan H. Ahlberg, Esq. (#386520)
                                Union Plaza Building, Suite 300
                                333 Washington Avenue North
                                Minneapolis, Minnesota  55401
                                (612) 900-2269
                                rahlberg@ahlberglaw.com
                                Attorney for Plaintiff

EXHIBIT A

## **ACKNOWLEDGEMENT**

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.


Dated: June 19, 2020                                          */s/ Ryan H. Ahlberg*
                                                             Ryan H. Ahlberg, Esq. (#386520)

11

**EXHIBIT A**

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF STEARNS                          SEVENTH JUDICIAL DISTRICT

|  |  |
|---|---|
| Christopher Faulkner, Sr., | Case Type: Employment<br>Court File No.:_____ |
|        Plaintiff, | |
|    v. | **PLAINTIFFS MINN. R. CIV. P.**<br>**26.01 INITIAL DISCLOSURES** |
| Farmers Union Industries, LLC<br>d/b/a Northland Choice, | |
|        Defendant. | |

TO:   DEFENDANT FARMERS UNION INDUSTRIES, LLC, D/B/A NORTHLAND
CHOICE, 220 PONDEROSA ROAD, REDWOOD FALLS, MINNESOTA 56283:

Plaintiff makes the following initial disclosures pursuant to Minn. R. Civ. P.

26.01:

A.      Name, address and telephone number of individuals likely to have discoverable

information.

| Name, address, and telephone number | Subject matter |
|---|---|
| Christopher Faulkner, Sr.<br>Can be contacted through Plaintiff's counsel. | Knowledge of all facts averred by him personally in his Complaint. |
| All individuals referenced in Plaintiff's Complaint and exhibits thereto. | Knowledge as reflected in the allegations contained in the Complaint. |
| Monica Faulkner<br>Plaintiff's Wife | Knowledge of Plaintiff's mental anguish and suffering. |
| Kayla Thomas | Knowledge of Plaintiff's mental anguish |

1

**EXHIBIT A**

| Plaintiff's Daughter | and suffering. |
|---|---|
| Christopher Faulkner, Jr. Plaintiff's Son | Knowledge of Plaintiff's mental anguish and suffering. |

B.      Description by category and location of documents, electronically stored

information, and tangible things.

    1.      Plaintiff's personnel records with Defendant, in Defendant's possession;

    2.      Plaintiff's disciplinary write-up, termination letter and April FMLA

paperwork in Plaintiff's possession;

C.      Computation of each category of damages.

| Category of damages | Computation |
|---|---|
| Back wages, front wages, benefits. | This calculation is variable up to the time of trial based upon the following factors/calculations. The amount of money earned by Plaintiff at Defendants less any income related to future employment replacing employment with Defendants. Plaintiff will agree to provide with access to adequate records of his future earnings, if any. |
| Other compensatory damages. | Variable. |
| Garden variety mental anguish and suffering. | It is not possible to compute damages for mental anguish and suffering. Juries have awarded emotional damages up to $3,000,000 in Minnesota state courts/Federal District of Minnesota courts. |
| Liquidated damages under the FMLA. | Equal to wage loss damages. |

2

**EXHIBIT A**

| Treble damages under the MHRA. | Variable |
| --- | --- |
| Punitive damages under the MHRA. | $25,000. |
| Punitive damages for other causes of action. | Variable. |
| Nominal damages. | $1 as allowable. |
| Injunctive relief allowed by statute. | Not applicable. |
| Attorney's fees. | 40% Contingency. For hourly method, an ongoing calculation based upon a fee of $500 per hour for Ryan H. Ahlberg, $350 per hour for associate/contract attorneys, and $200 per hour for clerks. |

D.    Insurance agreement.

Not applicable.

Dated: June 19, 2020

AHLBERG LAW, PLLC


*/s/ Ryan H. Ahlberg*
Ryan H. Ahlberg, Esq. (#386520)
Union Plaza Building, Suite 300
333 Washington Avenue North
Minneapolis, Minnesota  55401
(612) 900-2269
rahlberg@ahlberglaw.com
Attorney for Plaintiff

3

**EXHIBIT A**

STATE OF MINNESOTA                                        DISTRICT COURT

COUNTY OF STEARNS                              SEVENTH JUDICIAL DISTRICT

---

|                                          | Case Type: Employment |
| Christopher Faulkner, Sr.,                | Court File No.:_____ |

Plaintiff,

v.                                        **JOINT DISCOVERY PLAN**

Farmers Union Industries, LLC
d/b/a Northland Choice,

Defendant.

---

Pursuant to Minn. R. Civ. P. 26.06, the parties and/or counsel identified below conferred and offer the following discovery plan:

(1)    What changes should be made in the timing, form, or requirement for disclosures under Rule 26.01, including a statement of when initial disclosures were made or will be made?

**No changes are proposed. Initial disclosures will be made timely pursuant to Minn. R. Civ. P. 26.01(a)(3).**

(2)    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues?

**Discovery may be needed on all issues relevant to liability and damages, should be completed within six months after the filing of the action, and need not be conducted in phases or limited to particular issues.**

(3)    Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

**Electronically stored information may be produced in PDF form, however the parties reserve the right to request an electronic document in its native format if the need for the native format outweighs the burden of production.**

**EXHIBIT A**

(4)     Any issues about claims of privilege or of protection as trial-preparation materials, including--if the parties agree on a procedure to assert these claims after production--whether to ask the court to include their agreement in an order?

**The parties have not identified any unusual issues regarding claims of privilege or of protection as trial-preparation materials and do not request an order.**

(5)     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be proposed?

**None.**

(6)     Any other orders that the court should issue under Rule 26.03 or under Rule 16.02 and .03?

**None.**

Dated: June 19, 2020                     AHLBERG LAW, PLLC


                                         _/s/ Ryan H. Ahlberg_
                                         Ryan H. Ahlberg, Esq. (#386520)
                                         Union Plaza Building, Suite 300
                                         333 Washington Avenue North
                                         Minneapolis, Minnesota  55401
                                         (612) 900-2269
                                         rahlberg@ahlberglaw.com
                                         Attorney for Plaintiff


Dated: _____, 2020              FARMERS UNION INDUSTRIES, LLC
                                         D/B/A NORTHLAND CHOICE


                                         _____
                                         220 Ponderosa Road
                                         Redwood Falls, Minnesota 56283
                                         (507) _____
                                         Defendant _Pro Se_

2

**EXHIBIT A**

STATE OF MINNESOTA

DISTRICT COURT

COUNTY OF STEARNS

SEVENTH JUDICIAL DISTRICT

| | |
|---|---|
| Christopher Faulkner, Sr., | Case Type: Employment<br>Court File No.:_____ |
| Plaintiff, | |
| v. | **PLAINTIFF'S MINN. R. CIV. P. 68**<br>**OFFER OF SETTLEMENT** |
| Farmers Union Industries, LLC<br>d/b/a Northland Choice | |
| Defendant. | |

TO:   DEFENDANT FARMERS UNION INDUSTRIES, LLC D/B/A NORTHLAND CHOICE, 220 PONDEROSA ROAD, REDWOOD FALLS, MINNESOTA 56283:

Pursuant to Rule 68 of the Minnesota Rules of Civil Procedure, Plaintiff hereby makes an Offer of Settlement in the amount of Eighty Thousand Dollars ($80,000.00). This is a total-obligation offer, as that phrase is defined by Rule 68.01(d) of the Minnesota Rules of Civil Procedure. As a total-obligation offer, this offer includes accrued applicable prejudgment interest, costs and disbursements, and applicable attorney fees.

Pursuant to Rule 68.03(b)(1) of the Minnesota Rules of Civil Procedure, if this Offer is not accepted and if Plaintiff prevails and the relief awarded to Plaintiff is more favorable to Plaintiff than this Offer, Plaintiff will seek to recover all allowable costs and disbursements incurred after service of this Offer, and Plaintiff will object to any

1

**EXHIBIT A**

attempt by Defendant to tax any costs or disbursements incurred after the date this Offer was served.

Pursuant to Rule 68.02(d) of the Minnesota Rules of Civil Procedure, if this Offer is not accepted in writing within ten days of the date of service, the Offer is deemed withdrawn.

Dated: June 19, 2020                          AHLBERG LAW, PLLC


                                              /s/ Ryan H. Ahlberg
                                              Ryan H. Ahlberg, Esq. (#386520)
                                              Union Plaza Building, Suite 300
                                              333 Washington Avenue North
                                              Minneapolis, Minnesota 55401
                                              (612) 900-2269
                                              rahlberg@ahlberglaw.com
                                              Attorney for Plaintiff


## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.


Dated: June 19, 2020                          /s/ Ryan H. Ahlberg
                                              Ryan H. Ahlberg, Esq. (#386520)

2

**EXHIBIT A**